## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

CYNTHIA STOVALL,            )
                                 )
         Plaintiff,       )
                                 )
v.                            )         No. 10-2388-STA-dkv
                                 )
DEWUN SETTLE; WALTER EVANS;  )
KENNY ARMSTRONG; and the     )
SHELBY COUNTY GOVERNMENT,  )
                                 )
        Defendants.     )

---

## ORDER STRIKING AMENDED DOCUMENT

---

Before the Court is Plaintiff's Amended Document (D.E. # 22), filed September 19, 2011. For the following reasons, Plaintiff's Amended Document is hereby **STRICKEN** from the record.

### BACKGROUND

On July 29, 2011, Defendant Shelby County Government filed a Motion for Summary Judgment (D.E. # 17). On September 8, 2011, this Court issued an Order continuing the pre-trial conference and the non-jury trial "to allow the Court to consider and decide Defendants' dispositive motion." (D.E. # 18.) Five days later, on September 13, 2011, Plaintiff filed a First Motion to Continue the Trial Date and for a Continuance of Discovery (D.E. # 19) ("Motion to Continue Trial and Discovery), which this Court denied on September 16, 2011 (D.E. # 21).

In his Motion to Continue Trial and Discovery, Counsel for Plaintiff attached a 124-page "Exhibit Collection," consisting of a copy of his Motion to Continue Trial and Discovery, a web printout of an article from The Commercial Appeal, the 54-page deposition of Mr. Dewun Settle,

and the 64-page deposition of Ms. Wanda Wright.  Counsel did not provide a Memorandum of

Law as required by Local Rule 7.2(a)(1), nor did he call the Court's attention to specific

passages within the 119 pages of depositions in support of his motion.[1]  After the Court denied

his Motion to Continue Trial and Discovery, Plaintiff filed the Amended Document now before

the Court.  While Plaintiff drew the Court's attention to specific pages of his Exhibit Collection

filed with his Motion to Continue Trial and Discovery, he did not provide a Memorandum of

Law as required by Local Rule 7.2(a)(1).  Defendants filed a Response to Plaintiff's Document

22 Filed on September 19, 2011, "respectfully submit[ting] that the Court should deny Plaintiff's

request for a 'continuance of discovery.'" (D.E. # 23.)

## LAW

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and

proceedings in the United States district courts."[2]  In civil actions filed under these rules, "[a]

request for a court order must be made by motion."[3]  Motions under the Federal Rules of Civil

Procedure "must be in writing . . ., state with particularity the grounds for seeking the order, and

state the relief sought."[4]  The Local Rules for the Western District of Tennessee provide that

acceptable motions in civil cases are only "those . . . accompanied by a supporting memorandum

of facts and law (so identified)."[5]  Local rules exist to guide parties in their identification of

---

[1]      In the first paragraph of his Motion to Continue Trial and Discovery, Counsel
selects specific statements from the depositions without reference to where in the depositions the
facts arose.  In his Amended Document, while Counsel does identify the specific pages of the
deposition to which he is referring, he failed to attach a memorandum of law.

[2]      Fed. R. Civ. P. 1.

[3]      Fed. R. Civ. P. 7(b)(1).

[4]      Fed. R. Civ. P. 7(b)(1)(A-C).

[5]      Local Rule 7.2(a)(1).

specific facts to present to the court,[6] and the Western District of Tennessee employs such a rule for such a purpose.[7]

Moreover, at summary judgment, "[a] district court is not required to speculate on which portion of the record [a] party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support [a] party's claim."[8]  Thus, a court is not required to pour through documents at summary judgment when a party does not direct the court's attention to any specific statements or passages in support of its motion.  While the Sixth Circuit does not require the designation of specific page numbers, parties are required to "point out the location" of the statements "with enough specificity that the district court can readily identify the facts upon which the . . . party relies."[9]  District courts are not obligated to comb "the entire record" to establish the absence or existence of a genuine issue of material fact at summary judgment.[10]  The Western District of Tennessee acknowledges this lack of obligation by requiring facts mentioned in motions under Rule 56 to be "supported by specific citation to the record."[11]

## ANALYSIS

The Court has previously noted that "[t]he procedural posture of this case opens

---

[6]     *See Southwick v. Russell Stover Candies, Inc.*, No. 05-0050, 2007 WL 776496, at *9 (M.D. Tenn. Mar. 9, 2007) ("This notice can be adequately accomplished through a local court rule or a pretrial order.").

[7]     *See* Local Rule 7.2(a)(1).

[8]     *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

[9]     *Anderson v. Vanderbilt Univ.*, No. 09-0095, 2010 WL 2196599, at *9 (M.D. Tenn. May 27, 2010).

[10]    *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

[11]    Local Rule 56.1(a).

Plaintiff's Motion to two different interpretations."[12]   The Court noted that the Motion could be construed as applying under Rule 16 or Rule 56.[13]   As Counsel has not identified under which Rule of Procedure he has filed these motions, the Court remains uncertain as to whether Counsel's Motion to Continue Trial and Discovery and his Amended Document are motions under Rule 16 or Rule 56.  While Defendants have interpreted Counsel for Plaintiff's Amended Document as "a request for reconsideration of [the] motion to continue discovery," Defendants fail to state whether Plaintiff's Motion to Continue Trial and Discovery and Amended Document should be interpreted under Rule 16 or Rule 56.[14]

If the Motion to Continue Trial and Discovery and the Amended Document are filed under Rule 56(d), rendering applicable Local Rule 56.1's requirement of "specific citation to the record," the Motion to Continue Trial and Discovery is deficient because it contains no specific citations to the record.  However, the Amended Document satisfies that requirement, as it contains specific references to depositions in the Exhibit Collection.

But as with Plaintiff's Motion to Continue Trial and Discovery, it does not matter whether Counsel for Plaintiff filed the Amended Document under Rule 16 or 56.  Both the Motion to Continue Trial and Discovery and the Amended Document are deficient under the Federal Rules of Civil Procedure because they do not "state with particularity the grounds for seeking the order"[15] and because they are not accompanied by memoranda of law.[16]

---

[12]     (Order Finding Pl.'s Mot. for Continuance of the Trial Date as Moot and Denying Pl.'s Mot. for a Continuance of Disc. at 2.)

[13]     (*Id.*)

[14]     (Def's Resp. to Pl.'s Doc. 22 filed on Sept. 19. 2011 at 2.)

[15]     Fed. R. Civ. P. 7(b)(1)(B).

[16]     Local Rule 7.2(a)(1).

Counsel's Amended Document has failed to comply with either the Federal Rules of Civil Procedure or the Local Rules. Counsel has not "stated with particularity the grounds for seeking the order;"[17] in fact, he has not cited the Rule of Civil Procedure under which he filed the Amended Document, nor has he "state[d] the relief sought."[18] Additionally, Counsel's Amended Document is deficient under Local Rule 7.2(a)(1), as it does not contain even a mere scintilla of citation to relevant law. Nor does it contain a certificate of consultation, as required by Local Rule 7.2(a)(1)(B) or a certificate of service, as required by Local Rule 7.2(a)(1). The Court finds Counsel's Amended Document to be irregular, ill-conceived, and not provided for under the Federal Rules of Civil Procedure or the Local Rules.

Moreover, Counsel has stated that the court should either "read the record" or "assign this matter to another judge." The Court notes that it is under no obligation to perform Counsel's work when Counsel either fails or refuses to file documents with the Court that comply with the Local Rules and the Federal Rules of Civil Procedure. The Court will not transfer the case, and Counsel is cautioned that the Court will not tolerate any further statements by Counsel that appear on their face to be insolent, unfounded, and unprofessional.[19] To that end, Counsel is

---

[17]     *See* Fed. R. Civ. P. 7(b)(1)(B).

[18]     *See* Fed R. Civ. P. 7(b)(1)(C). Counsel has requested for the Court to "[w]ait for Mr. McLean to respond to the Motion for Continuance" or for the Court to "assign this matter to another judge." (Am. Doc. at 2.) However, the Court has already denied Counsel's Motion for Continuance, and as discussed below, the Court will not transfer the case.

[19]     Counsel states that "[t]he Court is mistaken" when it stated in its order that Plaintiff requested the initial continuance. (Order Finding Pl.'s Mot. for Continuance of the Trial Date as Moot and Denying Pl.'s Mot. for a Continuance of Disc. at 1.) Counsel avers that "Mr. McLean requested the continuance and the Court graciously granted it." (Am. Doc. at 1.) In its Order Finding Plaintiff's Motion for a Continuance of the Trial Date as Moot, this Court said:

> Plaintiff's Motion requests a continuance of the trial date, which had been set for September 26, 2011. However, the Court has already continued both the pretrial

directed to familiarize himself with Appendix C of the Local Rules, which governs Professional

Courtesy and Conduct.[20]  Counsel is further advised that any future filings that do not comport

with the Federal Rules of Civil Procedure or the Local Rules of Court will be treated as

deliberate and intentional attempts by Counsel to circumvent the Rules.[21]  Such filings will be

dealt with accordingly.

   Thus, for the foregoing reasons, Counsel for Plaintiff's Amended Document is hereby

**STRICKEN** from the record.

    **IT IS SO ORDERED.**

       **s/ S. Thomas Anderson**
       S. THOMAS ANDERSON
       UNITED STATES DISTRICT JUDGE

       Date: September 27, 2011.

---

   conference, which was set for September 11, 2011, as well as the non-jury trial,
   "to allow the Court to consider and decide Defendants' dispositive motion."
   (D.E. # 18.)  Accordingly, as the Court has previously granted Plaintiff's
   requested relief, Plaintiff's Motion for Continuance of the Trial Date is found to
   be MOOT.
Thus, the Court continued trial of its own initiative and not on the request of either party, despite
the ambiguous wording of the Court's order.

[20]  Appendix C reminds those lawyers admitted to practice in the Western District of
Tennessee that "[a] lawyer owes to the judiciary a duty of candor, honesty, diligence, and utmost
respect."

[21]  The Court notes that Counsel for Plaintiff called chambers during the afternoon of
September 21, 2011.  Counsel requested the Court to read an article in that day's newspaper and
to contact opposing counsel to request him to review the same newspaper article.  However, such
requests are inappropriate, unacceptable, and will not be tolerated in the future.