IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| CYNTHIA STOVALL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-2388-STA-dkv |
| | ) | |
| DEWUN SETTLE; WALTER EVANS; | ) | |
| KENNY ARMSTRONG; and the | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER DENYING PLAINTIFF'S REQUEST TO WITHDRAW THE ORDER
GRANTING SUMMARY JUDGMENT AND TO REOPEN DISCOVERY**
_____

Before the Court is Plaintiff's Request to Withdraw the Order Granting Summary Judgment and to Reopen Discovery ("Plaintiff's Request") (D.E. # 29), filed on December 7, 2011. Defendant filed a Response (D.E. # 34) on December 20, 2011. The Court held a hearing on January 5, 2012, and after the hearing, Plaintiff filed a Response to Defendant's Motion for Summary Judgment ("Plaintiff's Amended Request") (D.E. # 39-41) on February 5 and 8, 2012. Defendant filed a Response to Plaintiff's Amended Request (D.E. # 42) on February 24, 2012. For the following reasons, Plaintiff's Request and Amended Request are **DENIED**.

**BACKGROUND**

Because the background of this case was explained in the Court's Order Granting Defendant's Motion for Summary Judgment ("the Order"), the Court will not address the case's evolution. (Order, D.E. # 26, at 1-2.) In the Order, the Court granted summary judgment for

1

Defendant on Plaintiff's ADEA claim because she had not satisfied the fourth element of her prima facie case: causation. (*Id.* at 12.) Because Plaintiff was terminated as part of a reduction-in-force ("RIF"), she was required to provide additional direct, circumstantial, or statistical evidence indicating that she was singled out for impermissible reasons. (*Id.*) The Court held that Plaintiff's mere belief that she was discriminated against because of her age did not meet this requirement. (*Id.*) Even if Plaintiff had made out a prima facie case, the Court found that Plaintiff would not be able to prove pretext. (*Id.*)

As for Plaintiff's Title VII retaliation claim under the Participation Clause, the Court held that Plaintiff did not satisfy the first element of the prima facie case because she had not participated in any protected activity prior to her termination. (*Id.* at 17-18.) Moreover, she could not satisfy the causation element of a prima facie case because she was terminated nearly one year after she filed her grievance letters and had not provided other evidence of discrimination. (*Id.* at 18.) The Court also noted that, even if Plaintiff could make out a prima facie case, she would be unable to demonstrate pretext. (*Id.* at 19.) As to her Title VII retaliation claim under the Opposition Clause, the Court found that Plaintiff could not make out the causation element of her prima facie case due to her deposition testimony indicating a lack of racial discrimination and her failure to produce additional evidence of retaliatory conduct. (*Id.* at 20-21.) Plaintiff's attempt to demonstrate pretext would fail for the same reasons as her Participation Clause pretext claim. (*Id.* at 21.)

The Court will now address the case's development following the Order. Plaintiff filed a Request which indicated that the Court had denied her request for a trial continuance in a "wild opinion" and appeared to insinuate that the Court reached the decision reflected in the Order on

2

the basis of political affiliation. (D.E. # 29, at 1.) On December 19, 2011, Plaintiff filed a proper Notice of Appeal. (D.E. # 30-33.) The Court held a hearing on Plaintiff's Request on January 5, 2012. At the hearing, Counsel for Plaintiff, Richard Fields ("Fields"), noted that he did not mean to personally attack the Court or accuse the Court of impropriety.[1] The Court then directed Fields, several times, to file a proper Motion to Reconsider which complied with the Federal Rules of Civil Procedure and the Local Rules. The Court required Fields to cite to legal authority—which had been absent from all of Fields' prior filings—and to leave all irrelevant information out of the Motion.

Fields timely filed this Motion on February 5 and 8, 2012, but it did not conform to the requirements set forth by the Court. Rather than filing a Motion to Reconsider, Plaintiff responded to Defendant's Motion for Summary Judgment in her Amended Request. Because the Court has already ruled on Defendant's Motion for Summary Judgment, Plaintiff's Amended Request is untimely and contrary to the Court's instructions. However, the Court will interpret it as a Motion to Reconsider so that the information raised in it will be properly before the Court for its consideration.

## STANDARD OF REVIEW

### Motion to Reconsider

While the "Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, . . . [d]istrict courts have authority both under common

---

[1] To the extent that Fields' Request implied that the Court had ruled based on personal differences or conflicts with Fields, the Court dispelled that notion at the hearing. The Court noted that Fields had appeared before it only two to three times in the Court's eight years on the federal bench, and Fields had not previously quarreled with its rulings. Moreover, the Court has no other relationship or interaction with Fields.

3

law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[2] The Sixth Circuit has recognized that "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[3]

Moreover, the Western District of Tennessee has enacted Local Rule 7.3 ("L.R. 7.3"), which governs Motions for Revision of Interlocutory Orders. L.R. 7.3 identifies Rule 54(b) as the relevant procedural rule under which to bring a Motion for Reconsideration, and it also notes that "[m]otions to reconsider interlocutory orders are not otherwise permitted."[4] In addition to the Sixth Circuit's requirements, the Western District of Tennessee also requires Motions for Reconsideration to specifically show one of three elements:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.[5]

Notably, L.R. 7.3 prohibits parties' Motions for Reconsideration from "repeat[ing] any oral or written argument made by the movant in support of or in opposition to the interlocutory order

---

[2] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (quotation omitted).

[3] *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

[4] L.R. 7.3(a).

[5] L.R. 7.3(b).

4

that the party seeks to have revised."[6]

## **Motion to Amend the Complaint**

Under Federal Rule of Civil Procedure 15(a)(2), a pleading may be amended "only by leave of court . . . and leave shall be freely given when justice so requires."[7] A motion to amend a complaint should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nonmovant, or futility.[8] The Sixth Circuit has found undue delay and prejudice when a plaintiff moved to amend his complaint seven months after defendants filed their dispositive motions.[9]

## **ANALYSIS**

## **Plaintiff's Amended Request**

The Local Rules for the Western District of Tennessee provide that acceptable motions in civil cases are only "those . . . accompanied by a supporting memorandum of facts and law (so identified)."[10] Local rules exist to guide parties in their identification of specific facts,[11] and the Western District of Tennessee employs such a rule for such a purpose.[12] Moreover, at summary

---

[6] L.R. 7.3(c).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

[9] *Murphy v. Grenier*, 406 F. App'x 972, 976-77 (6th Cir. 2011).

[10] Local Rule 7.2(a)(1).

[11] *See Southwick v. Russell Stover Candies, Inc.*, No. 05-0050, 2007 WL 776496, at *9 (M.D. Tenn. Mar. 9, 2007) ("This notice can be adequately accomplished through a local court rule or a pretrial order.").

[12] *See* Local Rule 7.2(a)(1).

5

judgment, "[a] district court is not required to speculate on which portion of the record [a] party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support [a] party's claim."[13] Thus, a court is not required to pour through documents when a party does not direct the court's attention to any specific statements or passages in support of its motion. While the Sixth Circuit does not require the designation of specific page numbers, parties are required to "point out the location" of the statements "with enough specificity that the district court can readily identify the facts upon which the . . . party relies."[14]

Moreover, at summary judgment, a party cannot create a factual issue by filing an affidavit, after a motion for summary judgment has been made and certainly not after a motion for summary judgment has been ruled on, which contradicts his or her earlier deposition testimony.[15] Additionally, the Local Rules require a non-moving party to respond to each fact set forth by the movant; each fact disputed by the non-moving party requires a supporting citation to a specific portion of the record.[16]

Here, the Court notes that although Plaintiff's Amended Request is a marked improvement from her attorney's other attempts at complying with the Local Rules, Plaintiff's Counsel has missed the mark yet again. Plaintiff's Amended Request merely "adopted the cases" cited by Defendant in its Motion for Summary Judgment because their recitation of the

---

[13] *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

[14] *Anderson v. Vanderbilt Univ.*, No. 09-0095, 2010 WL 2196599, at *9 (M.D. Tenn. May 27, 2010).

[15] *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

[16] Local Rule 56.1(b).

law was "absolutely correct."[17] This adoption is not a proper memorandum of law as required by the Local Rules, but the Court interprets this statement as agreeing with the law as set forth by the Court in its Order and Defendant's Motion for Summary Judgment. Thus, Plaintiff's Amended Request does not challenge the legal basis for the Court's ruling on Defendant's Motion for Summary Judgment. However, Plaintiff also filed a response to Defendant's Statements of Undisputed Fact, which the Court will evaluate. Additionally, Plaintiff supplied the Court with a three-paragraph affidavit raising factual evidence previously not before the Court due to Fields' failure to timely respond to Defendant's Motion for Summary Judgment. Although the Court's consideration of this evidence is not required pursuant to Local Rule 7.3, it will address the issues raised by those assertions as well.

The Court begins with the alleged disputes of fact raised by Plaintiff. In her Amended Request, Plaintiff submitted a Response to Defendant's Undisputed Material Facts.[18] She disputed four of the sixty-three numbered paragraphs.[19] However, none of those four disputes cite to any portion of the record as required by the Local Rules. Plaintiff's response to Paragraph 37, which addressed Dewun Settle's ("Settle") motivation for firing Plaintiff, contained allegations that Defendant could have fired two other individuals instead of Plaintiff.[20] Her response to Paragraph 39, which addressed Plaintiff's own deposition statement that Settle had

---

[17]    (Pl.'s Am. Request, D.E. # 39-1, at 1.)

[18]    (Pl.'s Resp. to Def.'s Facts, D.E. # 40, at 1.)

[19]    Plaintiff admitted the remaining paragraphs, but she contended that the majority of them were immaterial. She also elaborated upon her agreement in other paragraphs, but she failed to cite to the record in support of her statements.

[20]    (*Id.* at 3-4.)

7

eliminated Plaintiff's position as a cost-savings measure, merely states "DENIED."[21] Plaintiff's response to Paragraph 44, which cites to Plaintiff's deposition testimony regarding her motivations for retiring from the Shelby County Division of Corrections, states: "DENIED. She had her EEOC lawsuit pending."[22] Finally, Plaintiff's response to Paragraph 53, which contains Plaintiff's own deposition testimony, disputes her statements because "[Settle] could not choose based upon age or being a 'whistleblower.'"[23]

The Court finds that these four inadequate denials constitute an insufficient attempt to create a disputed issue of fact so as to preclude summary judgment. Had the Court been presented with this information when it originally considered Defendant's Motion for Summary Judgment, its ruling would not have differed. Plaintiff's attempt to create an issue of fact without citing to the record and by disputing only four of the facts presented by Defendant do not merit a change in the Court's original decision. Accordingly, the Court will now turn to Plaintiff's Amended Request and the new evidence presented in Plaintiff's Affidavit.

In her Amended Request, Plaintiff asserts that she has presented a prima facie case of age discrimination because Settle terminated her from her position as Manager B.[24] She asserts that, instead of laying off Veronica Nelson ("Nelson") and Amy Mitchell ("Mitchell") who had less seniority than Plaintiff and whose combined salaries totaled more than the $55,000 needed to meet Settle's required budget reduction, "Settle chose to lay off [Plaintiff] for no apparent

---

[21] (*Id.* at 4.)

[22] (*Id.*)

[23] (*Id.*)

[24] (Pl.'s Am. Request, D.E. # 39-1, at 1.)

8

reason."[25] Plaintiff further argues that her termination was pretextual because the RIF could have been accomplished by firing Nelson and Mitchell instead of Plaintiff and because Nelson and Mitchell then took over Plaintiff's work.[26] Plaintiff points to an email indicating that Mitchell began work on June 1, 2009, as Chancery Court's Adoptions/Appeals Clerk, as further evidence that Defendant's legitimate nondiscriminatory reason was pretextual.[27]

Although Plaintiff does not appear to argue that she would survive summary judgment on her retaliation claim, she does make arguments that she was retaliated against. Plaintiff avers that, after her deposition, she remembered that she told Settle that she had found $376.00 "in missing tax receipts missing from the clerk's office" and that it was traced to Mr. Brandon Gunn ("Gunn").[28] Plaintiff "warned . . . Settle to watch . . . Guinn [sic] as she had never missed any tax receipts when she and her crew accounted for the moneys collected."[29]

In response, Defendant argues that nothing in Plaintiff's Amended Request "would justify the Court's reconsidering the Order. . . ."[30] Defendant points out that three of Plaintiff's four allegedly disputed facts were excerpted almost verbatim from her own deposition testimony and avers that she cannot defeat summary judgment by contradicting her own deposition

---

[25] (*Id.* at 2.)

[26] (*Id.*)

[27] (*Id.*; D.E. # 41-1, at 10.)

[28] (Pl.'s Am. Request, D.E. # 39-1, at 2.)

[29] (*Id.*)

[30] (Def.'s Resp. to Pl.'s Am. Request, D.E. # 42, at 3.)

9

testimony.[31] Defendant also contends that Plaintiff's other disputed fact, Paragraph 37, was supported by competent evidence and that Plaintiff has not come forward with competent evidence to challenge it.[32] Defendant further argues that Plaintiff's evidence regarding Gunn's embezzlement is not newly discovered because she knew about it on May 5, 2011, when the article first appeared in the Commercial Appeal, and Fields questioned Settle about it during his deposition on June 16, 2011.[33] Defendant implies that bringing this evidence to the Court's attention in her Amended Request on February 5, 2012, exactly nine months after the newspaper article was published, makes the evidence not newly-discovered. Defendant concludes by stating that the court should not permit Plaintiff to present evidence that could have been raised prior to entry of judgment.[34]

The Court finds that, even if Plaintiff had punctually filed the Response contained in her Amended Request, the Court would still have granted summary judgment for Defendant. Plaintiff has fundamentally failed to put forth the properly-cited factual support necessary to create an issue of fact for trial. Moreover, the evidence she does present related to her age discrimination claim is insufficient. Defendant did not hire Mitchell as a Manager B, Plaintiff's prior position, and Plaintiff did not submit evidence indicating that Mitchell's responsibilities as Chancery Court's Adoptions/Appeals Clerk were comparable to those of Plaintiff. Additionally, Mitchell was hired on June 1, 2009, but Plaintiff's appointment was not rescinded until June 30,

---

[31] (*Id.* at 4.)

[32] (*Id.*)

[33] (*Id.* at 4-5.)

[34] (*Id.* at 6-7.)

2009. Therefore, Mitchell was not hired after Plaintiff was fired, and she will not help Plaintiff establish the fourth element of her prima facie case. Plaintiff also appears to argue that Defendant should have fired two of its other employees in lieu of her. However, this Court will not second-guess Defendant's employment retention or termination decisions absent evidence of some discriminatory motive.[35]

Moreover, the evidence related to Plaintiff's opposition to Gunn's alleged embezzlement would not qualify as protected activity under Title VII's retaliation provision, as it does not relate to participation in a proceeding under Title VII, or opposition to conduct protected under Title VII. Nor is this evidence newly discovered; Plaintiff knew or should have known about it on May 5, 2011, but she did not bring it to the Court's attention through a proper Motion under the Federal Rules until February 5, 2012. Therefore, she has not presented evidence related to her retaliation claim which would merit the Court's reconsideration of its prior ruling.

Therefore, the Court finds that Plaintiff has not demonstrated a material difference in fact or law, new material facts or a change of law, or a manifest failure to consider material facts or dispositive legal arguments. Even if she had, and the Court reached the merits of her arguments, the Court would not change its prior ruling: Plaintiff has failed to set forth prima facie cases of age discrimination under the ADEA and retaliation under Title VII. Accordingly, Plaintiff's Request and Amended Request are **DENIED**.

---

[35] *See Adams v. Tenn. Dep't of Fin. & Admin.*, 179 F. App'x 266, 272 (6th Cir. 2006) ("Courts are not intended to act as super personnel departments to second guess an employer's facially legitimate business decisions."); *Smith v. Leggette Wire Co.*, 220 F.3d 752, 763 (6th Cir. 2000) (finding that "it is inappropriate for the judiciary to substitute its judgment for that of management"); *Wilkins v. Eaton Corp.*, 790 F.2d 515, 521 (6th Cir. 1986) ("The factfinder may not focus on the soundness of the employer's business judgment . . . .").

**Motion to Amend the Complaint**

In her Amended Request, Plaintiff inserts two paragraphs requesting leave to amend her complaint to add an entirely new claim.[36] Plaintiff asserts that "she also has a perfect case under the Tennessee Whistleblower Protection Act where she was terminated also because she informed her boss about the theft by Mr. Guinn [sic]."[37] Plaintiff requests to amend her Complaint to include this whistleblower claim because she "discovered [it] on Mary 5, 2011, in a Commercial Appeal [a]rticle."[38] In response, Defendant argues that, due to the length of time since the dismissal of Plaintiff's § 1983 claims in November of 2010 and the Court's grant of its Motion for Summary Judgment in November of 2011, Defendant would be unduly prejudiced by reopening discovery "on a new claim involving new witnesses at this late date."[39]

The Court finds that permitting Plaintiff to amend her Complaint would result in undue prejudice to Defendant. Defendant filed its Motion for Summary Judgment on July 29, 2011 (D.E. # 17), and the Court granted it on November 18, 2011 (D.E. # 26.) Plaintiff requested to amend her Complaint in February of 2012, seven months after Defendant filed its Motion for Summary Judgment. Reopening discovery and permitting this meritless lawsuit to continue would unduly prejudice Defendant, as it would have to re-depose witnesses and re-brief summary judgment motions in light of the amendment. Moreover, Plaintiff's undue delay in presenting her request further persuades the Court that her requested relief is not merited.

---

[36] As with the other portions of her Amended Request, Plaintiff cites to no legal authority in support of her position.

[37] (Pl.'s Mot., D.E. # 39-1, at 3.)

[38] (*Id.* at 3-4.)

[39] (Def.'s Resp., D.E. # 42, at 8.)

Plaintiff has presented no justification for her delay. She alleges that she discovered her potential whistleblower claim on May 5, 2011. But nearly nine months passed after this discovery before she filed her Motion to Amend the Complaint.[40] Accordingly, the Court finds that this undue delay on Plaintiff's part would result in undue prejudice to Defendant. Therefore, Plaintiff's Motion to Amend the Complaint is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Request to Withdraw the Order Granting Summary Judgment and to Reopen Discovery and her Amended Request are **DENIED**.

**IT IS SO ORDERED.**

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: April 23, 2012.

---

[40] Of course, characterizing the paragraphs in Plaintiff's Amended Request as a proper Motion to Amend the Complaint would stretch the boundaries of what constitutes an acceptable Motion under the Federal Rules of Civil Procedure.